UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORA A.M., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No.:  3:21-cv-01872-RBM <br><br> **ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS** <br><br> [Doc. 3] |

## I.    INTRODUCTION

On November 4, 2021, Plaintiff Debora A.M. ("Plaintiff") filed a Complaint under 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of the Social Security Administration's ("Defendant" or "Commissioner") denial of disability insurance benefits under Title II of the Social Security Act ("the Act").[1]  (Doc. 1.)  Plaintiff did not pay the

---

[1] The Complaint also references Plaintiff's application for supplemental security income under Title XVI; however, the plain language of the Complaint invokes the Court's jurisdiction under 42 U.S.C. § 405(g).  (Doc. 1 at 1–2, ¶¶ 3, 6.)  Thus, it appears Plaintiff is not appealing the supplemental security income decision.

1

required filing fee and instead filed a motion to proceed in forma pauperis ("IFP Motion"). (Doc. 3.)

On April 8, 2020, former Chief Judge Larry A. Burns issued an order staying civil cases arising under 42 U.S.C. § 405(g) that were filed on or after March 1, 2020, due to the ongoing COVID-19 public health emergency. *See* Or. of Chief Judge No. 21, sec. 6 (stating in part "all civil cases filed on or after March 1, 2020 brought against the Commissioner . . . are hereby stayed, unless otherwise ordered by the [Court]."). At this time, the Court lifts the stay of this case for the limited of purpose of ruling on the IFP Motion which will allow Plaintiff to proceed with effectuating service of the summons and Complaint to Defendant. Once service is complete, the Court will stay the case again until such time as the Commissioner begins normal operations at the Office of Appellate Hearings Operations and resumes preparation of Certified Administrative Records. *See* Or. of Chief Judge No. 21 at sec. 6.

Having reviewed the Complaint and IFP Motion, the undersigned **GRANTS** Plaintiff's IFP Motion and further finds Plaintiff's Complaint is sufficient to survive a sua sponte screening.

## II.   DISCUSSION

### A.   Application to Proceed IFP

All parties instituting a civil action in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). But a litigant who, because of indigency, is unable to pay the required fees or security may petition the Court to proceed without making such payment. 28 U.S.C. § 1915(a)(1). The facts of an affidavit of poverty must be stated with some particularity, definiteness, and certainty. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1984)).

The determination of indigency falls within the district court's discretion. *Rowland v. Cal. Men's Colony*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). It is well-settled that a party need not be completely destitute to proceed in

forma pauperis. *Adkins v. E.I. DuPonte de Nemours & Co.*, 335 U.S. 331, 339–40 (1948); *see also Escobedo*, 787 F.3d at 1235. To satisfy the requirements of 28 U.S.C. § 1915(a)(1), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide[ ] himself and dependents with the necessities of life." *Adkins*, 335 U.S. at 339 (internal quotations omitted). Nevertheless, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D. R.I. 1984) (internal citation omitted). Courts tend to reject IFP motions where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Allen v. Kelley*, C-91-1635-VRW, 1995 WL 396860, at **2–3 (N.D. Cal. June 29, 1995) (plaintiff initially permitted to proceed IFP, but later required to pay $120 filing fee out of $900 settlement proceeds).

Here, Plaintiff sufficiently demonstrates entitlement to IFP status. According to the affidavit, Plaintiff's monthly income for the past twelve months totals $0; however, her spouse's monthly income totals $3,200. (Doc. 3 at 1.) Plaintiff's monthly expenses total $5,100, which include $1,500 in "space rent," $200 in utilities, $1,000 for motor vehicle payments and insurance, $300 in gasoline, $300 in food, $1,600 in "bal[ance] on credit card[,]" and $200 in home loan payments. (*Id.*) The couple's monthly household expenses exceed their monthly income by $1,900. (*Id.*) Plaintiff has $120 in her checking account and $25 in her savings account. (*Id.* at 2.) The only valuable property Plaintiff and her spouse own are a home valued at $50,000 and two vehicles, a 2017 Chevrolet truck valued at $40,000, with an owed balance of $30,000, and a 2016 Chevrolet Spark valued at $10,000. (*Id.*)

Even if the $1,600 in credit card debt is eliminated, it is clear Plaintiff would still be unable to pay the filing fee without sacrificing other necessary expenses. (Doc. 3 at 1); *see also Allen*, 1995 WL 396860, at **2–3. Plaintiff's affidavit sufficiently demonstrates an inability to pay the required $400 filing fee without sacrificing the necessities of life. *See*

3

3:21-cv-01872-RBM

*Adkins*, 335 U.S. at 339–340. The undersigned concludes Plaintiff cannot afford to pay any filing fees at this time for this action. Accordingly, Plaintiff's IFP Motion is **GRANTED**.

### B. Sua Sponte Screening

Pursuant to 28 U.S.C. § 1915(a), a complaint filed by any person proceeding IFP is also subject to a mandatory sua sponte screening. The Court must review and dismiss any complaint which is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000); *see also Alamar v. Soc. Sec.*, 19-cv-0291-GPC-LL, 2019 WL 1258846, at *3 (S.D. Cal. Mar. 19, 2019).

To survive, complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). And "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 663. Instead, plaintiff must state a claim plausible on its face, meaning "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

Social security appeals are not exempt from the general screening requirements for IFP cases. *Montoya v. Colvin*, 16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (citing *Hoagland v. Astrue*, 12-cv-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012)).

In social security appeals, courts within the Ninth Circuit have established four requirements necessary for a complaint to survive a sua sponte screening:

> First, the plaintiff must establish that she had exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

*Skylar v. Saul*, 19-cv-1581-NLS, 2019 WL 4039650, at *1 (S.D. Cal. Aug. 27, 2019) (quoting *Montoya*, 2016 WL 890922, at *2). As to requirement four, a complaint is insufficient if it merely alleges the Commissioner was wrong in denying plaintiff benefits. *See Skylar*, 2019 WL 4039650, at *1; *see also Hoagland*, 2012 WL 2521753, at *3. Instead, a complaint "must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." *Skylar*, 2019 WL 4039650, at *1.

As to the first requirement, the Complaint contains sufficient allegations that Plaintiff exhausted their administrative remedies. (Doc. 1 at 2–3.) Plaintiff filed an application for a period of disability, disability insurance benefits, and supplemental security income benefits on September 11, 2019, which the Commissioner denied initially and upon reconsideration. (*Id.* at 2, ¶ 6.) An administrative law judge ("ALJ") held a hearing and issued a decision denying Plaintiff's claim for benefits on April 29, 2021. (*Id.* at 2, ¶ 7.) Additionally, Plaintiff sought review with the Appeals Council; however, the Appeals Council denied the request for review on October 14, 2021. (*Id.* at 3, ¶ 9.) This became the Commissioner's final decision. (*Id.*) Plaintiff timely filed the Complaint within sixty days of the Commissioner's final decision. *See* 42 U.S.C. § 1383(c). As to the second requirement, the Complaint states Plaintiff resides "within the jurisdictional boundaries of this Court at El Cajon, CA." (Doc. 1 at 1, ¶ 1.) As to the third requirement, Plaintiff alleges he "is, and at all times relevant to this action, disabled as that term is defined in the Social Security Act." (*Id.* at 2, ¶ 5.) Finally, Plaintiff contends the Court

should reverse or remand the Commissioner's final decision on several grounds, including that the ALJ did not property weigh medical evidence indicating that Plaintiff had more limitations as expressed by examining physicians. (*Id.* at 3, ¶ 8(a)-(d).) Based upon the foregoing, the undersigned finds the Complaint establishes the four requirements necessary to survive sua sponte screening.

However, the Court notes Plaintiff's counsel has filed several complaints in other social security appeals that contain language nearly verbatim to the instant Complaint's paragraph five. (*Id.* at ¶ 5.) While paragraph five of the instant Complaint alleges Plaintiff is disabled and he has been disabled at all relevant times to this action, this boilerplate language *barely* meets the third screening requirement. *Skylar*, 2019 WL 4039650, at *1. This Court has recently issued an order discouraging Plaintiff's counsel against filing pleadings with such boilerplate language. *Nacimo A. v. Saul*, 20-cv-1780-RBM, Doc. 6 at 6 (S.D. Cal. Sept. 25, 2020) (highlighting paragraph five's boilerplate language in complaint but nevertheless finding complaint sufficient to survive a sua sponte screening). While the complaints in other cases have survived a sua sponte screening, the Court cautions Plaintiff's counsel that such boilerplate filings are discouraged. *See Kevin C. v. Saul*, 20-cv-463-RBM, Doc. 9 (S.D. Cal. Sept. 2, 2020) (finding complaint sufficient to survive a sua sponte screening); *see also Mark G. v. Saul*, 20-cv-917-WVG, Doc. 5 (S.D. Cal. May 18, 2020) (stating "the Court finds Plaintiff has sufficiently (though barely) satisfied the minimal pleading standards above by stating specific points of error assigned by the ALJ."); *Robert D. v. Saul*, 20-cv-639-MDD, Doc. 6 (S.D. Cal. June 15, 2020) (finding complaint not subject to sua sponte dismissal); *Maria R. v. Saul*, 20-cv-1236-MMA-JLB, Doc. 6 (S.D. Cal. July 23, 2020) (finding complaint not subject to sua sponte dismissal); *but see Maria V. v. Saul*, 20-cv-586-JLB, Doc. 6 (S.D. Cal. May 6, 2020) (dismissing complaint without prejudice finding complaint "merely parrots the standard of judicial review" and "devoid of the [ALJ's] findings and the specific reasons plaintiff contends the ALJ erred.").

/ / /

## III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's IFP Motion is **GRANTED**.

2. The Clerk of Court is **DIRECTED** to issue a summons as to Plaintiff's complaint and forward it to Plaintiff along with a blank U.S. Marshals Form 285 for the named Defendant. In addition, the Clerk of Court is **DIRECTED** to provide Plaintiff with certified copies of this Order and the Complaint.

3. Upon receipt of these materials, Plaintiff is **DIRECTED** to complete Form 285 and forward the materials to the United States Marshals Service.

4. Upon receipt, the United States Marshals Service is **ORDERED** to serve a copy of the Complaint and summons upon Defendant as directed by Plaintiff on Form 285. The United States will advance all costs of service. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

5. After service is complete, the Court will stay the case again and the stay will automatically lift after Defendant files the Certified Administrative Record.

**IT IS SO ORDERED.**

Dated: January 28, 2022

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE